CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 07, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DEMETRIC MARKIE VENABLE,** | ) |
| Plaintiff, | ) Case No. 7:24CV00165 |
| v. | ) **OPINION** |
| **SUPREME COURT OF VIRGINIA, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Demetric Markie Venable, Pro Se.*

The plaintiff, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, alleging that the state habeas courts and judges misapplied Virginia law in deciding his post-conviction petition. Venable also sues Chadwick S. Dotson, as Director of the Virginia Department of Corrections (VDOC), claiming that a recent change to VDOC legal mail processing requirements delayed Venable's receipt of a proposed final order in his habeas proceedings. After reviewing Venable's submissions, I find that the action must be summarily dismissed.

I.

Venable stands convicted under a final judgment by the Circuit Court for the City of Danville, Virginia, dated December 6, 2011.[1] He pleaded guilty to charges of abduction of a minor, unlawful wounding, and statutory burglary. The trial court sentenced Venable to a total of twenty years in prison with all but three years suspended. Venable did not appeal or file any habeas corpus proceedings for several years.

On September 23, 2022, Venable filed a habeas corpus petition in the circuit court, challenging only his conviction for abduction of a minor. He raised two claims in that petition: (1) lack of subject matter jurisdiction over his abduction charge, because it was allegedly not certified and properly transferred from the Danville Juvenile and Domestic Relations Court (JDR Court); and (2) his guilty plea to the abduction charge was involuntary for lack of notice that he must register on the sex offender registry. In a Final Order dated December 29, 2022, the circuit court rejected both claims. Specifically, the court held that circuit courts have original jurisdiction of all indictments for felonies pursuant to Va. Code Ann. § 17.1-513. The court also found that Venable had waived any jurisdictional challenges by failing to raise them at his arraignment. Next, the circuit court ruled that Venable's

---

[1] The facts about Venable's criminal case and post-conviction proceedings are based in part on exhibits he submitted with his Complaint in this case, ECF No. 1-1, at 7–18, 28–29.

petition was untimely filed under Va. Code Ann. § 8.01-654(A)(2) and that it was procedurally barred from review because such claims cannot be raised in a habeas petition. Finally, the court indicated that lack of notice about sex offender registry requirements did not invalidate Venable's guilty plea. The Supreme Court of Virginia denied relief in Venable's habeas appeal and denied his petition seeking a rehearing.

In Venable's current civil action, he sues the Supreme Court of Virginia, the Danville Circuit Court, various judges in those state courts, and Dotson as VDOC Director. He denies that he is seeking relief from the fact or duration of his confinement on the challenged criminal charges. Rather, liberally construing his Complaint, he asserts the following claims: (1) the circuit court, in denying habeas relief, misinterpreted Virginia state law and precedent; (2) the circuit court erred in accepting opposing counsel's proposed Final Order without a certificate of service and without notice to Venable to allow him to object to the proposed order; (3) the Supreme Court of Virginia and its judges failed to reverse and remand Venable's state habeas case based on violations of state regulations concerning certification of service and notice; (4) Va. Sup. Ct. R. 1:13 as the state courts applied it is unconstitutionally vague regarding its notice requirements; and (5) VDOC legal mail delivery procedure interfered with Venable's right to access the court by hampering his ability to respond to the proposed Final Order in his state habeas case.

As relief, Venable demands declaratory relief, stating as follows: (a) all defendants (including courts and judges) violated his rights during state habeas proceedings; (b) Va. Sup. Ct. R. 1:13 as applied is unconstitutionally vague; and (c) VDOC's legal mail policies cause delivery delays that unduly burden Venable's right to access the courts. Venable also demands permanent injunctive relief directing Dotson to amend the VDOC legal mail procedures to reduce delivery delays. For extra measure, Venable demands recovery of all costs he has incurred in pursuing this lawsuit and any additional relief that the court deems equitable.

II.

The court must dismiss any complaint or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Venable's primary complaint in this civil action is that the Circuit Court for the City of Danville and the Supreme Court of Virginia and a list of judges assigned to those courts misapplied Virginia precedent and statutes in denying Venable's habeas claim and appeal concerning his conviction for abduction of a minor.

Venable wants this federal court to issue official declarations of the alleged state courts' judicial mistakes in application of state law. Venable's own mistake is using a § 1983 action to attempt such relief.

First, an inmate's claims for declaratory and injunctive relief that would invalidate a state judgment of conviction are not cognizable in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation [of the underlying state conviction]) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). If this court were to grant relief on Venable's claims that the state courts and judges erred in applying Virginia statutes and precedent in denying him habeas relief, or the applicable statute is unconstitutional, such rulings would tend to invalidate Venable's conviction for abduction of a juvenile. Thus, he is barred from bringing his current claims in a § 1983 action absent evidence that this conviction has previously been overturned or set aside in some official proceeding. *Legette v. Wilson*, No. 4:19-1845-JFA-KFM, 2019 WL 5884302, at *4 (D.S.C. Nov. 12, 2019). Venable offers no evidence that any court or other official body has overturned or set aside his conviction. Therefore, his § 1983 claims that would imply the invalidity of that conviction are currently barred.

Second, Venable's claims against the state courts and judges are also barred under the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Id.* Put another way, a federal district court lacks authority to review a judicial determination by another district or state court. *Id.* at 285. Thus, litigants cannot ask a lower federal court to review or alter the judgments of state courts in any sort of pseudo appeal. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). In essence, Venable's § 1983 claims against the state courts and judges are asking for just that sort of review by this court. Thus, I must summarily deny all such claims for lack of jurisdiction.

Finally, I must also deny relief as to Venable's claims against Dotson, regarding complaints about the VDOC legal mail delivery system. Venable believes that a mail delay of a couple weeks deprived him of adequate access to the courts. I cannot agree. It is well established that "a prisoner's simple ability [or inability] to file a complaint is not dispositive" of a constitutional access-to-courts claim against state officials. *Fox v. N.C. Prison Legal Servs.*, 751 F. App'x 398, 400 (4th Cir. 2018) (unpublished) (quoting *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006)). Rather, an inmate's right to access requires only that he be provided "a

reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citation omitted). A claim of denial of court access, such as Venable is attempting here, must demonstrate that he suffered "actual injury" to his litigation efforts — specifically, that a defendant's actions hampered his efforts to litigate a particular nonfrivolous legal claim. *Id.* at 351; *see also Christopher v. Harbury*, 536 U.S. 403, 413–16 (2002) (discussing need for litigant to identify nonfrivolous legal claim and lost remedy as elements of claim for denial of court access).

Venable's access claim rests entirely on his alleged inability to respond to the draft of the Final Order before the state court issued it. That Final Order denied relief based on undisputed findings that Venable procedurally defaulted his claims and failed to file them within the time limits set by state statute. He presents no viable argument by which he would have contradicted or overcome these procedural reasons for dismissal of his habeas petition. Thus, I cannot find that he has identified any nonfrivolous claim that he was unable to present in a response to the court's Final Order in the state habeas case. He also has not stated any viable claim under § 1983 that the VDOC legal mail policy has violated, or will in the future violate, his constitutional right to access the courts.

III.

For these reasons, I conclude that Venable's allegations do not support any viable claim for relief under § 1983 against the defendants. I will summarily dismiss this civil action, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: November 7, 2024

/s/ JAMES P. JONES
Senior United States District Judge