CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
July 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEMETRIC MARKIE VENABLE,** | ) |
| Plaintiff, | ) Case No. 7:24CV00165 |
| v. | ) **OPINION AND ORDER** |
| **SUPREME COURT OF VIRGINIA, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Demetric Markie Venable, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging errors in his state habeas proceedings and challenging the constitutionality of certain state law provisions, as well as the mailing system of the Virginia Department of Corrections (VDOC). I summarily dismissed his Complaint for failure to state a claim. *Venable v. Sup. Ct. of Va.*, No. 7:24CV00165, 2024 WL 4708812 (W.D. Va. Nov. 7, 2024). This closed case is now before me on Venable's motion seeking reconsideration of the dismissal, based on an accompanying Motion for Leave to File an Amended Complaint and a

proposed Amended Complaint.[1]  After review of the record and his current submissions, I conclude that these motions must be denied as futile.

I.

Venable stands convicted and sentenced to prison under a 2011 final judgment by the Circuit Court for the City of Danville. His habeas corpus petition and subsequent habeas appeal to the Supreme Court of Virginia were unsuccessful. He states that he is currently imprisoned with an expected release date in 2034.

In Venable's § 1983 action here, he sued the Supreme Court of Virginia, the Danville Circuit Court, various judges in those state courts, and Chadwick Dotson as VDOC Director. I construed his Complaint as alleging these claims:

> (1) the circuit court, in denying habeas relief, misinterpreted Virginia state law and precedent; (2) the circuit court erred in accepting opposing counsel's proposed Final Order without a certificate of service and without notice to Venable to allow him to object to the proposed order; (3) the Supreme Court of Virginia and its judges failed to reverse and remand Venable's state habeas case based on violations of state regulations concerning certification of service and notice; (4) Va. Sup. Ct. R. 1:13 as the state courts applied it is unconstitutionally vague regarding its notice requirements; and (5) VDOC legal mail delivery procedure interfered with Venable's right to access the court by hampering his ability to respond to the proposed Final Order in his state habeas case.

---

[1] Venable later submitted identical copies of his reconsideration and leave to amend motions, fearing that the initial submissions were not properly formatted. The Clerk's Office docketed the later submissions as separate motions, ECF Nos. 22 and 23, but Venable clarifies that these documents merely changed format, not content. Therefore, I will dismiss these repetitive motions as moot.

*Id.* at *1. As relief, Venable sought only declaratory relief stating that defendants had violated his rights in habeas proceedings; Virginia Supreme Court Rule 1:13 as applied in his case is unconstitutionally vague; and the VDOC legal mail system caused delays that burdened his access to courts. He denied that he sought any relief from his convictions or sentences.[2]

In reviewing these claims, I held that Venable could not use § 1983 to challenge criminal court proceedings or judicial actions related to his convictions unless the convictions involved had first been overturned. *Id.* at *2. I also held that claims against courts and judges were barred under the *Rooker-Feldman* doctrine, because he cannot petition a federal district court to act as an appellate court over state court decisions in his criminal or habeas proceedings. *Id.* Finally, I concluded that Venable's claim concerning VDOC mail procedures did not state a claim for

---

[2] The Supreme Court rule in question states as follows:

> Drafts of orders and decrees must be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof must be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them.

> Compliance with this Rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion. In an Electronically Filed Case, endorsement and specification of any objections to the draft order may be accomplished as provided in Rule 1:17.

Va. Sup. Ct. R. 1:13.

interference with his right to access the court since he failed to present a nonfrivolous claim that he lost because of the alleged delays. *Id.* at *3.

## II.

In the Amended Complaint, Venable has dropped all defendants except the Supreme Court of Virginia and the Circuit Court for the City of Danville. He also states that he has dropped all claims related to his own criminal and habeas corpus proceedings. He claims as follows: (1) Virginia Supreme Court Rule 1:13 is facially unconstitutional because it provides that a circuit court can, in its discretion, modify or dispense with compliance to the provision that counsel for all parties receive notice and endorse proposed orders and decrees before entry; and (2) the VDOC's new centralized legal mail system delays inmates' receipt of mail by as much as three weeks, so that an inmate habeas litigant has no chance to object to a state court's entry of a draft Order before the court has lost jurisdiction over the case which occurs twenty-one days after judgment. In the current pleading, Venable seeks declaratory relief of the unlawfulness of the challenged statute and prison policy to protect his constitutional rights to due process and access the courts in the future, as well as the rights of situated inmates.

In essence, Venable wants an advisory opinion stating (1) that Virginia must amend Virginia Supreme Court Rule 1:13 and require courts to provide all litigants timely notice of all draft orders and a chance to file objections and (2) that the

VDOC's centralized system for legal mail must be changed to allow more prompt delivery of such mail. He also seeks recovery of his legal costs in this case.

> Federal district courts are not authorized to provide advisory opinions.
>
> Article III gives federal courts jurisdiction only over "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2, cl. 1. "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so," which "requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 133 S. Ct. 2652, 2661, 186 L. Ed. 2d 768 (2013). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (internal quotation marks omitted).

*Carter v. Fleming*, 879 F.3d 132, 136–37 (4th Cir. 2018). Applying these precedents, I conclude that Venable does not state facts showing that he has standing to bring the claims in the Amended Complaint to assist himself or others in future habeas proceedings or use of the VDOC legal mail system.

First, Venable does not allege in the Amended Complaint he has suffered a concrete and particularized injury that is traceable to the statute and policy he challenges. He has removed all allegations about his own habeas proceedings and denies that he is challenging them. Thus, he fails to show that he has a case or controversy likely to be redressed by a court decision in his favor on his pending claims. As a result, he has no standing to pursue those claims.

Second, Venable cannot litigate on behalf of other inmates for their present or possible future legal injuries under the challenged statute and policy. Because he is not an attorney, he is not permitted to represent any person in federal court other than himself. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). A person's right to litigate for himself does not create a similar right to litigate on behalf of others. *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005).

### III.

For these reasons, I conclude that Venable's allegations in the Amended Complaint do not support any viable claim for relief under § 1983 against the defendants. Therefore, it is **ORDERED** that his Motion for Reconsideration and the Motion for Leave to File an Amended Complaint on which it is based, ECF No. ECF 21, are DENIED as futile, and the identical motions separately docketed, ECF Nos. 22 and 23 are DISMISSED as moot. He has filed a motion seeking to file another amended complaint, ECF No. 28, but it is DENIED as futile for the reasons stated herein.

ENTER: July 16, 2025

/s/ JAMES P. JONES
Senior United States District Judge